UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| J. A. R. a minor by his mother LATONJA N. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | )     No. 1:16-cv-00477-TAB-WTL |
| vs. | ) |
| | ) |
| CAROLYN W. COLVIN Commissioner of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Plaintiff J.A.R.'s appeal of the Commissioner's denial of his claim for disability benefits. J.A.R. argues that the Administrative Law Judge erred in finding he was not disabled by ignoring evidence that J.A.R. is disabled due to a lack of functional speech and asthma, and that the ALJ failed to summon a medical advisor. However, the evidence supports the ALJ's findings concerning J.A.R.'s speech and asthma, and a medical advisor was not required. Thus, the Court denies J.A.R.'s brief in support of appeal. [Filing No. 20.]

I. **Procedural Background**

J.A.R. is a twin who was born more than 10 weeks prematurely, on May 11, 2010. J.A.R.'s mother applied for supplemental security income and childhood disability benefits on his behalf. The application was approved on November 23, 2010, finding a disability date of May 14, 2010. At the time of the approval, J.A.R. was found to have bronchopulmonary dysplasia, which medically equaled the listing for chronic pulmonary insufficiency.

On September 29, 2012, the Social Security Administration determined that J.A.R.'s condition had significantly improved, he was no longer disabled, and discontinued his benefits.

The determination was further upheld on reconsideration. On August 12, 2014, J.A.R. and his mother, represented by an attorney, testified at a hearing before an ALJ. On November 13, 2014, the ALJ issued his decision, finding that J.A.R. has not been disabled since September 29, 2012.

At step one, the ALJ determined that as of September 29, 2012, J.A.R.'s impairments present at the time of the disability finding had medically improved. At step two, the ALJ determined that J.A.R.'s impairments no longer medically equal the listing for chronic pulmonary insufficiency. At step three, the ALJ found that J.A.R.'s severe impairments are asthma, expressive/receptive language disorder, and borderline intellectual functioning. However, the ALJ determined that these impairments do not meet or equal, either medically or functionally, any relevant listing. The ALJ concluded that J.A.R.'s disability ended on September 29, 2012, and that he has not been disabled since that date. The ALJ's decision became final when the Appeals Council denied J.A.R.'s request for review. This appeal followed.

## II.  Standard of review

The Court must uphold the ALJ's decision if substantial evidence supports his findings. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). "The substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120 (7th Cir. 2014). The ALJ is obligated to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. *Denton v. Astrue,* 596 F.3d 419, 425 (7th Cir. 2010). If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected. *Moore,* 743 F.3d at 1123. The ALJ,

however, need not mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion. *Pepper v. Colvin,* 712 F.3d 351, 362 (7th Cir. 2013).

## III.    Discussion

J.A.R. argues that the ALJ ignored or misstated the evidence proving that J.A.R.'s impairments medically equal a listing.  First, J.A.R. takes issue with the ALJ's finding that he "does not have a marked limitation in speech or language."  [Filing No. 14-2, at ECF p. 24.] Second, J.A.R. takes issue with the ALJ's finding that he "does not have persistent low-grade wheezing."  [Filing No. 14-2, at ECF p. 24.]  Third, J.A.R. argues the ALJ should have summoned a medical advisor.  The Commissioner contends that J.A.R. fails to point to evidence that supports his argument and fails to explain how he meets a listing.  As explained below, the Court agrees with the Commissioner.

### A.    No marked limitation in speech or language

The ALJ considered the listing for hearing loss and found that J.A.R. "does not have a marked limitation in speech or language."  [Filing No. 14-2, at ECF p. 24.]  The ALJ explained that J.A.R.'s speech is intelligible to an unfamiliar listener 80 percent of the time in context, his language is higher than two standard deviations below the mean, and he received a score of 90 on the receptive and expressive speech on the Preschool Language Scale.  [Filing No. 14-2, at ECF p. 24.]  J.A.R. argues that the ALJ overlooked evidence of his marked impairment in speech.  However, the evidence J.A.R. points to does not counter the ALJ's finding.

J.A.R. points to Dr. Herman's consultative examination, dated September 6, 2012.  J.A.R. argues that he has a marked limitation in speech because his speech was understandable only 25 percent of the time.  However, Dr. Herman's examination does not make this finding.  [Filing No. 14-7, at ECF p. 34-41.]  And while Dr. Herman diagnosed J.A.R. with "expressive/receptive

language disorder" and noted that although J.A.R.'s mother reported that he speaks some words, "he was not heard to emit any recognizable or understandable words during the evaluation," his examination took place before J.A.R.'s disability ended. [Filing No. 14-7, at ECF p. 35-36.] Thus, if Dr. Hermon's examination shows that J.A.R. was disabled, it was at a time when J.A.R. was indeed disabled for purposes of Social Security.

Similarly, J.A.R. points to an August 3, 2012, speech and language evaluation by the state Family and Social Services Administration. In that report, intelligibility of J.A.R.'s speech in context was 80 percent, and 25 percent out of context. [Filing No. 14-7, at ECF p. 30.] The summary of his language assessment was that he has severe delays in both receptive and expressive language. [Filing No. 14-7, at ECF p. 32.] Again, this evidence predates the ALJ's finding of nondisibility. As a result, it does not show why the ALJ should have found J.A.R. disabled after September 29, 2012.

On the other hand, the Commissioner points to an evaluation dated April 30, 2013, by J.A.R.'s school psychologist, special education teacher, and the speech and language pathologist. This evaluation reports that J.A.R. scored 90 on the Preschool Language Scale. [Filing No. 14-6, at ECF p. 55.] J.A.R.'s intelligibility was rated at 70 percent with known context and less than 50 percent with unknown context. *Id.* The evaluation concludes that while J.A.R. had a moderate speech delay, his language skills are age-appropriate. *Id.* The ALJ relied on this evidence to conclude that J.A.R. did not meet a listing. This evidence supports the ALJ's finding that J.A.R. did not have marked limitations in speech and language after September 29, 2012.

J.A.R. does not convince the Court that the ALJ ignored evidence of a marked speech impairment. Rather, J.A.R. does not explain how his speech condition satisfies a listing after

September 29, 2012, and the record supports the ALJ's finding that J.A.R. did not have a marked impairment in speech after September 29, 2012.  Thus, the ALJ's finding will not be disturbed.

### B.      No persistent wheezing

The ALJ found that J.A.R. did not meet or medically equal the listing for asthma.  The ALJ explained that J.A.R.'s asthma attacks do not require a physician's intervention, he does not have persistent wheezing, and he does not meet the criteria for a growth impairment.  [Filing No. 14-2, at ECF p. 24.]  J.A.R. argues that the ALJ ignored evidence that he experiences wheezing.

J.A.R. points to Dr. Kelley's April 7, 2011, discharge summary from the Riley Hospital for Children.  When J.A.R. was admitted to the hospital, Dr. Kelly performed a physical exam, and noted that J.A.R. experienced wheezing.  [Filing No. 14-7, at ECF p. 12.]  As the Commissioner points out, this evidence is dated nearly a year and a half before J.A.R.'s disability was deemed to have medically improved.  Thus, this evidence does not undermine the ALJ's conclusion that J.A.R.'s disability ceased on September 29, 2012.

J.A.R. also points to a July 16, 2012, evaluation by the disability determination bureau of the state Family and Social Services Administration.  The Court first notes that the ALJ relied on this evaluation in his analysis of the asthma listing, undermining J.A.R.'s argument that the ALJ ignored this evidence.  Additionally, this evidence predates the ALJ's finding of nondisibility and does not show why the ALJ should have found J.A.R. disabled after September 29, 2012.  While J.A.R. points to the sentence of the evaluation noting J.A.R.'s "symptoms include cough and wheezing," that sentence is in the "History of Present Complaint" section of the evaluation.  [Filing No. 14-7, at ECF p. 22.]  The Commissioner points to the examination portion of the evaluation, which notes J.A.R. has "no wheezes, crackles or rhonchi."  [Filing No. 14-7, at ECF p. 23.]  The current statement undermines J.A.R.'s argument that his wheezing was persistent.

Thus, this evidence fails to support J.A.R.'s argument that the ALJ ignored evidence of his persistent wheezing.

      **C.**    **Medical advisor**

Finally, J.A.R. argues that the ALJ erred by not obtaining the testimony of a medical expert on whether J.A.R.'s combined impairments equal a listing. "Whether a claimant's impairment equals a listing is a medical judgment, and an ALJ must consider an expert's opinion on the issue." *Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004) The state agency medical consultants are considered experts and their opinions are sufficient to determine medical equivalency. 20 C.F.R. 416.927(e); *Barnett*, 381 F.3d at 671; *see also* S.S.R. 96–6p ("Findings of fact made by State agency medical and psychological consultants … regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence."). As the Commissioner points out, the ALJ expressly relied on the opinions of the state agency consultants to conclude that J.A.R. does not have an impairment or combination of impairments that equal a listing. [Filing No. 14-2, at ECF p. 24.] These opinions are sufficient to determine whether J.A.R.'s combined impairments equal a listing without calling a medical expert. *Barnett*, 381 F.3d at 671. Thus, the Court does not find error with the ALJ's failure to call a medical expert to testify at the hearing.

**V.      Conclusion**

For these reasons, J.A.R. has not demonstrated that the ALJ failed to build a logical

bridge from the evidence to his conclusion that J.A.R.'s disability ceased on September 29, 2012.

The Court agrees with the Commissioner that the ALJ did not commit reversible error.

Accordingly, the Court denies J.A.R.'s brief in support of appeal [Filing No. 20] and affirms the

Commissioner's decision.

Date: 1/26/2017

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov